# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005, and<br><br>SIERRA CLUB<br>1202 San Antonio Street<br>Austin, TX 78701,<br><br>*Plaintiffs*,<br><br>v.<br><br>SCOTT PRUITT, in his official capacity as<br>Administrator, U.S. Environmental Protection<br>Agency,<br>William Jefferson Clinton Building<br>Mail Code 1101A<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460,<br><br>*Defendant*. | Civil Action No. 1:17-cv-1443<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## STATEMENT OF THE CASE

1.     This is a civil action for declaratory and injunctive relief, with costs and fees under the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and the declaratory judgment statute, 28 U.S.C. §§ 2201, 2202.

2.     With this action, Plaintiffs Environmental Integrity Project and Sierra Club ("Plaintiffs") seek an order declaring that the United States Environmental Protection Agency ("EPA"), through the  Defendant EPA Administrator Scott Pruitt ("Administrator") is required, pursuant to 42 U.S.C. § 7661d(b)(2), to grant or deny a petition filed by Plaintiffs.  The petition requests that the Administrator object to Title V Permit No. O26 ("Proposed Permit" or "Permit"), issued by the Texas Commission on Environmental Quality ("TCEQ") to the Southwestern

Electric Power Company ("SWEPCO") for operation of the Welsh Power Plant.  *See* Exhibit A (Petition to Object to Proposed Permit) (attachments omitted).  Plaintiffs also seek an order requiring the Administrator to perform his non-discretionary duty to grant or deny this petition.

## JURISDICTION, VENUE, AND NOTICE

3.      This is a Clean Air Act citizen suit.  Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a), and has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d).  The Clean Air Act is a federal statute.  The Administrator is an agent of the United States government.  Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant).  This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor does it involve the Tariff Act of 1930.  Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201.  If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

4.      A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.  In addition, this suit is being brought against the Administrator in his official capacity as an officer or employee of the United States Environmental Protection Agency, residing in the District of Columbia.  Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

5.      As required by 42 U.S.C. § 7604(b)(1)(A), Plaintiffs notified the Administrator of the EPA of the violations alleged in this complaint and of Plaintiffs' intent to sue, via certified first-class mail on February 1, 2017.  *See* Exhibit B (Notice of Intent to Sue Acting Administrator

McCabe for her Failure to Timely Grant or Deny a Petition to Object to Part 70 Operating Permit No. O26) (attachments omitted).  More than 60 days have passed since the Administrator received this notice of intent to sue letter.  The Administrator has not acted to remedy the violations alleged in this complaint.  Therefore, an actual controversy exists between the parties.

## PARTIES

<u>The Plaintiffs</u>

6.      Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a non-profit, non-partisan watchdog organization that advocates for effective enforcement of environmental laws.  EIP has three goals: (1) to illustrate through objective facts and figures how the failure to enforce and implement environmental laws increases pollution and harms public health; (2) to hold federal and state agencies, as well as individual corporations accountable for failing to enforce or comply with environmental laws; and (3) to help local communities obtain protections guaranteed by environmental laws.  The Environmental Integrity Project has offices and programs in Austin, Texas and Washington, D.C.

7.      Plaintiff SIERRA CLUB is a national nonprofit organization with 67 chapters and over 635,000 members dedicated to exploring, enjoying, and protecting the wild places of earth; to practicing and promoting the responsible use of earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.  The Sierra Club petitioned the Administrator to object to Title V Permit No. O26, because the permit fails to comply with applicable Clean Air Act requirements.  The Administrator's failure to perform his non-discretionary duty to grant or deny this petition injures the organizational interests of Sierra Club as well as the concrete public health interests of its members.

8.      Plaintiffs have an interest in ensuring that SWEPCO's Title V operating permit complies with all applicable federal requirements. Members and employees of Plaintiff organizations live, work, and recreate in areas that are affected by air pollution from the Welsh Power Plant. These members and employees, as well as Plaintiff organizations, will be adversely affected if EPA fails to object to SWEPCO's Title V permit.

<u>The Defendant</u>

9.      Defendant SCOTT PRUITT is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing and enforcing the Clean Air Act. As described below, the Clean Air Act assigns to the Administrator a non-discretionary duty to grant or deny timely filed Title V petitions within 60 days.

10.     For the foregoing reasons, the Administrator's failure to respond to Plaintiffs' petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries that the Court can redress through this case.

## LEGAL AUTHORITY

11.     The Clean Air Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population. 42 U.S.C. § 7401(b)(1). To advance this goal, Congress amended the Act in 1990 to establish the Title V operating permit program. *See* 42 U.S.C. §§ 7661-7661f. Title V of the Clean Air Act provides that "[a]fter the effective date of any permit program approved or promulgated under this subchapter, it shall be unlawful for any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter. 42 U.S.C. § 7661a(a).

12.    SWEPCO's Welsh Power Plant is a major source subject to Title V permitting requirements.

13.    The Clean Air Act provides that the Administrator may approve a state's program to administer the Title V operating permit program with respect to sources within its borders. 42 U.S.C. § 7661a(d).  The Administrator approved Texas's administration of its Title V operating permit program.  61 Fed. Reg. 32693 (June 25, 1996); 66 Fed. Reg. 66318 (December 6, 2001). Thus, the TCEQ is responsible for issuing Title V operating permits in Texas.

14.    Before the TCEQ may issue, modify, or renew a Title V permit, it must forward the proposed permit to EPA for review.  42 U.S.C. § 7661d(a)(1)(B).  The Administrator then has 45 days to review the proposed permit.  The Administrator must object to the permit if he finds that it does not comply with all applicable provisions of the Clean Air Act.  42 U.S.C. § 7661d(b)(1). If the Administrator does not object to the permit during EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit.  42 U.S.C. § 7661d(b)(2).

15.    If a petition is timely filed, the Administrator has a non-discretionary duty to grant or deny it within 60 days.  *Id*.

16.    The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

17.     SWEPCO's Welsh Power Plant is a coal-fired power plant located between the cities of Pittsburg and Mount Pleasant in Titus County, Texas.  The power plant is a major source for several federally regulated pollutants, including particulate matter, nitrogen oxide, sulfur dioxide, and carbon monoxide.

18.     SWEPCO filed an application to renew Title V Permit No. O26 on March 3, 2009. The Executive Director of the TCEQ issued a draft operating permit ("Welsh Draft Permit"), notice of which was published on April 3, 2014.  According to the public notice, the public comment period for the Welsh Draft Permit would end 30 days after the date of publication.

19.     On May 5, 2014, Plaintiffs timely-submitted written comments to the TCEQ during the public comment period.  These comments identified specific deficiencies contained in the Welsh Draft Permit.

20.     EPA's 45-day review period for the Welsh permit ended on September 9, 2016. EPA did not object to the permit

21.     On November 8, 2016, Plaintiffs timely filed with EPA a petition to object to the Welsh Title V operating permit ("Petition").  42. U.S.C. § 7661d(b)(2).  The Petition was based on objections to the Welsh Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

22.     Though the Administrator was required to grant or deny the Petition within 60 days, he has not yet done so.  42 U.S.C. § 7661d(b)(2).

23.     On February 1, 2017, Plaintiffs sent Acting Administrator Catherine McCabe notice of their intent to sue for her failure to grant or deny the Petition within 60 days.

## CLAIM FOR RELIEF

### VIOLATION OF 42 U.S.C. § 7661d(b)(2)
### (Failure to Respond to Plaintiffs' Petition)

24.     Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-23.

25.     The Clean Air Act required the Administrator to act on the Petition within 60 days of its filing.  42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator *shall* grant or deny such a

petition within 60 days after the petition is filed.") (emphasis added). This is a non-discretionary duty.

26. It has been more than 60 days since the Administrator received the Petition. The Administrator's failure to grant or deny the Petition constitutes a failure to perform an act or duty that is not discretionary. 42 U.S.C. § 7604(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

A. Declare that Administrator's failure to grant or deny the Plaintiffs' Petition within 60 days constitutes a failure to perform acts or duties that are not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B. Order the Administrator to grant or deny the Petition within sixty (60) days;

C. Retain jurisdiction over this action to ensure compliance with the Court's Order;

D. Award Plaintiffs their costs and fees related to this action; and

E. Grant such other relief as the Court deems just and proper.


Respectfully submitted this 20th day of July, 2017.


*/s/ Adam Kron*
ADAM KRON (D.C. Bar No. 992135)
Environmental Integrity Project
1000 Vermont Ave. N.W., Suite 1100
Washington, D.C. 20005
 (202) 263-4451
(202) 296-8822
akron@environmentalintegrity.org

*Attorney for Plaintiffs*